UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ROBERT KELLY, an individual,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., a national bank,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT**
**AND INJUNCTIVE RELIEF**
**JURY TRIAL DEMANDED**

1.    Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA"). Plaintiff alleges that Defendant has unlawfully called Plaintiff's cellular telephone in an attempt to collect an alleged debt from Plaintiff in direct contravention the aforesaid statutes. Consequently, Plaintiff seeks injunctive relief as well as damages, fees, and costs in accordance with both the FCCPA and the TCPA.

JURISDICTION AND VENUE

2.    This court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Federal courts have jurisdiction over private suits arising under the TCPA.

*Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012). Venue in this District is proper because Plaintiff resides here and Defendant does business and places phone calls into this District.

## PARTIES

3.      Plaintiff, ROBERT KELLY ("Plaintiff" or "Mr. Kelly"), is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida. Said Plaintiff, at all times relevant herein, was the account holder of, and exercised dominion and control over, the cellular telephone to which Defendant was calling.

4.      Defendant, WELLS FARGO BANK, N.A. ("Defendant") is a national bank, incorporated in Sioux Falls, South Dakota, whose principal place of business is located in San Francisco, California, and whose agent for service of process in the State of Florida is CORPORATION SERVICE COMPANY, 1201 Hays St., Tallahassee, FL 32301-2525.

5.      Defendant is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1)

## FCC RULINGS AND OTHER LEGAL DECISIONS IMPACTING CLAIMS BROUGHT UNDER THE TELEPHONE CONSUMER PROTECTION ACT

6. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issued regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

7. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. FCC Declaratory Ruling, 23 F.C.C.R. at 565 (¶ 10).

8. The FCC has opined that the ability to dial numbers without any human intervention in the calling process is the hallmark of an automatic telephone

-3-

dialing system (i.e., auto-dialer). In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 2008, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

9. With respect to whether a device is considered an "automatic telephone dialing system" for purposes of the TCPA, at least one Federal Court has specifically noted that "a system need not actually store, produce, or call randomly or sequentially generated numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009) (emphasis added).

10. Furthermore, the FCC has specifically ruled that a predictive dialer falls within the meaning and statutory definition of "automatic telephone dialing equipment" within the TCPA. 2003 TCPA Order, 18 FCC Rcd 14092-3 at ¶ 133.

11. Both the FCC and federal courts have held that as a matter of law a predictive dialer is a type of automatic telephone dialing system. *See generally, Griffith v. Consumer Portfolio Serv., Inc.*, No. 10-c-2697 (N.D. Il. Aug. 16, 2011).

12. The Hobbs Act does not vest federal district courts with subject matter jurisdiction to disregard FCC rulings. *Leckler v. Cashcall, Inc.*, 2008 U.S. Dist. LEXIS 97439, *7-8 (N.D. Cal. 2008).

13. The TCPA has a four year statute of limitations pursuant to 28 U.S.C. § 1658. *Stern v. Bluestone*, 2008 N.Y. App. Div. LEXIS (N.Y. App. Div. 1st Dep't., 2008).

14. Written instructions to cease collection calls, made consistent with the provisions of the FDCPA, apply to the TCPA and thus effectively revoke any prior consent the caller may have had. *See generally, Starkey v. Firstsource Advantage, LLC,* 2010 WL 2541756 (W.D.N.Y. 2010) *cf. Adamcik v. Credit Control Services, Inc.,* 2011 WL 6793976 (W.D.Tex.2011) (holding that verbal instructions from a consumer were sufficient means of revoking consent).

## FACTUAL ALLEGATIONS

15. The instant lawsuit stems from the telephonic collection efforts of Defendant with respect to Plaintiff's WELLS FARGO BANK, N.A. residential mortgage, which, according to Defendant, was allegedly in arrears.

16. With respect to said arrearage, Plaintiff retained the legal services of the law firm of Mansfield, Bronstein & Cohen, P.A.

17. On or about July 31, 2012, Defendant was informed in writing by Mansfield, Bronstein & Cohen, P.A. that it represented Plaintiff and to cease all further communications with their client.

18. A true and correct copy of the correspondence sent by Mansfield, Bronstein & Cohen, P.A. is attached hereto as "Exhibit A."

19. Despite being made aware that Plaintiff had retained counsel and instructions to cease further communications with the Plaintiff in regard to the subject arrearage, Defendant refused to contact Mr. Kelly's counsel and instead proceeded to attempt to collect the debt by directly communicating with Plaintiff.

20. Defendant placed more than one hundred (100) such telephone calls to Plaintiff's cellular telephone in an effort to collect said debt; on several occasions, in an effort to abuse and harass the Plaintiff, Defendant escalated its calling campaign such that Plaintiff was called more than three times in one day.

21. Upon information and belief, Wells Fargo relies heavily on the use of autodialers for contacting customers in connection with loss mitigation and default servicing efforts and has, in previous litigation, admitted to their use. *See, Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316 (SD Fla. 2012).

22. Upon information and belief the calls placed to Plaintiff's cellular telephone which were made with an automatic telephone dialing system, as evidenced by the recorded messages left on Plaintiff's voice mail system, and by the characteristic period of "dead air" Plaintiff experienced prior to the calling party coming onto the line.

23. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227(b)(1)(A).

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff incorporates Paragraphs 1 through 23.

25. It shall be unlawful for any person. . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice. . . to any telephone number assigned to a. . .cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii).

26. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, using any automatic telephone dialing system or an artificial or prerecorded voice, and not legally permitted under any provision of the aforementioned statute.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a. Statutory damages for each violation of the TCPA;

   b. Statutory damages for each knowing or willful violation of the TCPA;

   c. A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone by use of an automatic telephone dialing system;

   d. Attorney's fees, litigation expenses and costs of the instant suit; and

   e. Such other or further relief as the Court deems proper.

## COUNT II
## THE FLORIDA CONSUMER COLLLECTION PRACTICES ACT

26. Plaintiff incorporates Paragraphs 1 through 23.

27. In collecting consumer debts, no person shall. . . communicate with a debtor if the person knows that the debtor is represented by an attorney with

respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

28. Defendant was notified in writing that the Plaintiff was represented by an attorney, and said attorney's name and address was provided in the notice. Despite receiving notification of attorney representation, Defendant continued to contact Plaintiff directly in it attempts to collect the subject debt.

29. Additionally, no person shall. . . willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

30. Defendant's persistent and unlawful calling campaign was carried out with the intent to abuse and harass the Plaintiff.

31. Pursuant to Florida law, Plaintiff may obtain declaration that Defendant's practices are in violation of the FCCPA, including but not limited to Fla. Stat. §§ 559.72(7), 559.72(18).

32. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

33. Plaintiff seeks a permanent injunction prohibiting Defendant and any other party from calling Plaintiff regarding the alleged debt.

34. Plaintiff is also entitled to recover statutory damages and/or actual damages pursuant to the FCCPA.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages, both statutory and actual;

    b. Declaring that Defendant's practices are in violation of the FCCPA;

    c. Permanently enjoining Defendant and any other parties from calling Plaintiff regarding the alleged debt;

    d. Attorney's fees, litigation expenses and costs of suit; and

    e. Such other or further relief as the Court deems proper.

<u>JURY DEMAND</u>

Plaintiff demands trial by jury.

Dated: January 15, 2013.

Respectfully submitted,

*s/ Scott D. Owens*
SCOTT D. OWENS, ESQ.
Florida Bar No. 0597651
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
Tel:    954-589-0588
Fax:   954-337-0666
scott@scottdowens.com